IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOANN IRENE COLLINS                                                                                    PLAINTIFF

v.                                            CASE NO.          13-2140

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I. Procedural Background:

The plaintiff filed applications for DIB & SSI on December 8, 2010, alleging an onset date of January 1, 2006, due to plaintiff's chronic diarrhea, DM, high blood pressure, high cholesterol and high triblycerides. Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on December 15, 2011. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 52 years of age and possessed a High School Education.  The Plaintiff had past relevant work ("PRW") experience as a cell phone agent and insurance agent  (T. 170).

On January 6, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's diabetes mellitus, chronic diarrhea, degenerative joint disease of the left knee, left calcaneal heel spur, obesity, chronic back pain, history of chronic obstructive pulmonary disease and hypertension did not meet or equal any Appendix 1 listing.  T. 13.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work  T. 13.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform her past relevant work. T. 17.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Development of the Record**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d

935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  The ALJ is required to recontact medical sources only if the available evidence does not provide an adequate basis for determining merits of disability claim. *Sultan v. Barnhart*, 368 F.3d 857, 863(8th Cir. 2004).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court believes that the ALJ properly developed the record and had sufficient medical evidence to render an appropriate RFC Assessment.

**B.  Residual Functional Capacity**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v.*

*Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1. Credibility**

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to

the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

The court has reviewed the ALJ's decision and the record and concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

**2. RFC Determination**

The ALJ determined that the Plaintiff had the Residual Functional Capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

Dr. Ronald Crow, a non-examining consultive source, issued a Physical RFC Assessment on February 6, 2011 finding the Plaintiff could lift 50 pounds occasionally, 25 pounds frequently and that she could sit and stand and/or walk for 6 hours in an 8-hour workday. (T. 254). There were no postural (T. 255) or manipulative limitations noted (T. 256). Dr. Crow's opinion was reviewed and affirmed by Dr. Alice Davidson on March 14, 2011. (T. 266).

RFC assessments from a non-examining consultive source generally do not constitute substantial evidence, (*See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement)). The Eighth Circuit Court of Appeals, however, has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the

medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

      The ALJ correctly points out that the Plaintiff repedely failed to follow her doctors instructions in regards to medication and diet. The Plaintiff was initially placed on a diabetic diet in April 2002 (T. 281). In June 2002 her treating physician noted that her DM was not under good control and Dr. Marshall told the Plaintiff that she "has to follow her diabetic diet closer." (T. 280). In July 2004 Dr. Marshall notes that the Plaintiff "is currently not taking any of her diabetic medication" and she was again admonished "to follow a diabetic diet." (T. 278). Dr. Marshall again noted in August 2005 that the Plaintiff was not taking her diabetic medication. (T. 277). In August 2011 Dr. Marshall again told the Plaintiff that "she really needs to follow a better diet and we have gone over the diabetic diet again." (T. 275).

      In February 2008 the Plaintiff began to see Dr. McAuley who noted that the Plaintiff "rarely checks blood sugar" and he told her to exercise. (T. 247). In May 2008 he "encouraged her to go on a diet." (T. 246). In May 2010 Dr. McAuley recommended insulin which the Plaintiff refused. (T. 240).

      In March 2009 Dr. McAuley referred the Plaintiff to Dr. Ron White who assessed the Plaintiff with chronic diarrhea of "unclear etiology" and recommended a high fiber diet. (T. 225). In May 2009 the Plaintiff reported to Dr. White that she noted "possible round or flat worms" in

her stool and Dr. White prescribed Mebendazole[2] or Vermox 100 mgs which he considered "an adequate treatment for her questionable worm infestation." (T. 223).  She was to see Dr. White for a follow up if there were further problems but the medical records do not indicate the Plaintiff had any follow up visit with Dr. White.

In addition to the results of objective medical tests, an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir.2001), including failing to take prescription medications, *Riggins,* 177 F.3d at 693, and to seek treatment, *Comstock v. Chater*, 91 F.3d 1143, 1146-47 (8th Cir.1996).

None of the Plaintiff's treating physicians ever placed any work restrictions on the Plaintiff and continued to encourage proper diet and exercise.  The Plaintiff provided no contrary RFC assessment by another physician, treating or otherwise. Thus, the ALJ had an adequate medical basis to find Plaintiff had the RFC to perform a wide range of light work and could therefore return to her past relevant work. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir.2005) (concluding that one consulting physician's RFC assessment supported the ALJ's RFC finding when none of the claimant's treating physicians opined she was unable to work). *Moore v. Astrue* 572 F.3d 520, 523 -524 (C.A.8 (Ark.),2009).

The ALJ's determination of Plaintiff's ability to perform work despite her physical limitations, is based on the objective medical evidence regarding Plaintiff's alleged impairments. *See Lewis v. Barnhart*, 353 F.3d 642, 646,(8th Cir. 2003) (holding that the plaintiff's residual

---

[2]Mebendazole is an "antihelmintic," or anti-worm, medication. It prevents worms from growing or multiplying in your body. Mebendazole is used to treat infections caused by worms such as whipworm, pinworm, roundworm, and hookworm. It is also used to treat infections caused by more than one of these worms. See www. Drugs.com.

functional capacity is a medical question defined wholly in terms of the plaintiff's physical ability to perform exertional tasks or, in other words, what the plaintiff can still do despite his or her physical or mental limitations).

## C.  Step Four:

Step four requires the ALJ to consider whether the claimant retains the RFC to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work. *Pate-Fires v. Astrue* 564 F.3d 935, 942 (C.A.8 (Ark.),2009) *citing Steed v. Astrue,* 524 F.3d 872, 875 n. 3 (8th Cir.2008).  The Plaintiff offered no opinion from any treating source that she was unable to return to her past relevant work.

John Massey, VE, testified that  (Tr. 70-73) he classified plaintiff's past work at Hampton Inn as front desk clerk or reservation agent, reservation clerk, DOT code 238.367-038, performed at the light level, semiskilled with an SVP of 4. He classified all past jobs where she sold cell phones and pagers as retail sales clerk, DOT 279.357-054, light semi-skilled and 3. Insurance Agent, DOT 350.287- 010, was classified as light, skilled and 6 with sit/stand in the job (Tr. 71-72).

ALJ wrote that plaintiff was assigned the residual functional capacity (RFC) for a full range of light work (Tr. 13) and that she could therefore return to her past relevant work (PRW) as an insurance agent, front desk clerk and cell phones/pagers/telephone clerk and, based on VE testimony, was not disabled (Tr. 17).  *See Smith v. Shalala,* 987 F.2d 1371, 1375 (8th Cir. 1993) (holding that ALJ may rely upon DOT in determining if the plaintiff can return to his past relevant work).  The court finds this determination to be supported by the record and the Plaintiff offered no evidence to the contrary.

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.


Dated  this January 21, 2014.


*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE